BLANK ROME, LLP
Attorneys for Plaintiff
DOUBLE HAPPINESS SHIPPING COMPANY LIMITED
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUBLE HAPPINESS SHIPPING COMPANY LIMITED,<br><br>              Plaintiff,<br><br>-against-<br><br>COSMOTRADE EXPORTS S.A.,<br><br>              Defendant. | 07 Civ. 4615 (LTS)<br><br>**AMENDED VERIFIED COMPLAINT** |

Plaintiff, DOUBLE HAPPINESS SHIPPING COMPANY LIMITED ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, COSMOTRADE EXPORTS S.A. ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign company with its offices at 11 Kyriakou Matsi Avenue, Nikis Center, 1082 Nicosa Cyprus.

3. At all material times, Defendant was and is a foreign corporation or other business entity organized with its offices at Trident Chambers, Wickhams Cay, Road Town, Tortola, British Virgin Islands, and with no place of business in the United States.

4. By a charter party dated on or about April 12, 2007, ("the Charter"), Plaintiff chartered the ocean-going cargo vessel M/V ALEXIA M ("the Vessel") to Defendant.

5. In breach of the Charter, defendant has to date wrongfully failed to pay charter hire as and when it became due in the amount of $339,651.26, no part of which has been paid although duly demanded.

6. The Charter provides for arbitration of disputes in London. Plaintiff reserves it right to arbitrate the disputes pursuant to 9 U.S.C. § 8.

7. Maritime Arbitrators in London routinely award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates these recoverable costs and interest will be at least US$200,000, estimated as follows: $15,000 interest, $145,000 attorneys' fees and costs, and $40,000 of arbitrators' fees.

8. Currently, Plaintiff is holding $301,295 in "escrow" as security for its claim against Defendant. Defendant has refused to provide security for the balance of Plaintiff's claim.

9. Accordingly, the total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **US$238,356.26**.

10. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight and/or hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.   That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **US$238,356.26** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D.   That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
      July 13, 2007

                              Respectfully submitted,
                              BLANK ROME, LLP
                              Attorneys for Plaintiff
                              DOUBLE HAPPINESS SHIPPING COMPANY
                              LIMITED

                              By _____
                                   Thomas H. Belknap, Jr. (TB-3188)
                              405 Lexington Ave.
                              New York, NY 10174-0208
                              (212) 885-5000

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Thomas H. Belknap, Jr., being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Thomas H. Belknap, Jr.

Sworn to before me this
13th day of July 2007

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

BLANK ROME, LLP
Attorneys for Plaintiff
DOUBLE HAPPINESS SHIPPING COMPANY LIMITED
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUBLE HAPPINESS SHIPPING COMPANY LIMITED,<br><br>Plaintiff,<br><br>-against-<br><br>COSMOTRADE EXPORTS S.A.,<br><br>Defendant. | 07 Civ.<br><br>**AFFIDAVIT UNDER**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                     )  ss:
COUNTY OF NEW YORK   )

THOMAS H. BELKNAP, JR., being duly sworn, deposes and says:

1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.    Defendant is a party to a maritime contract of charter party and is a foreign corporation with no office or place of business within this judicial district.

900200.00001/6545925v.1

3.  Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4.  In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
THOMAS H. BELKNAP, JR.

Sworn to before me this
31st day May, 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__11

311808.1
900200.00001/6545925v.1

2