GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*△
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA△
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*○¹
DANIEL J. FITZGERALD*†△
MICHAEL C. ELLIOTT*
JAN P. GISHOLT†

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D.C.
○ ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

December 6, 2007


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 10 2007

**MEMO ENDORSED**

Honorable Laura T. Swain
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

DEC 07 2007

Re: Double Happiness Shipping Company Limited v. Cosmotrade
Exports S.A. cv 4615 (LTS)
Our Ref: 584-07/PJG       07 civ 4615 (LTS)

Dear Judge Swain:

    We represent the defendant Cosmotrade Exports S.A. ("Cosmotrade") in the captioned action and write to make application to have the Court restore the case to the active calendar for the purpose of addressing the defendant Cosmotrade's motion for counter security. The situation is relatively straightforward, and we begin with a brief overview of the background facts and procedural posture, as follows:

## Background Facts

    As outlined in the plaintiff's Complaint and Amended Complaint, the plaintiff Double Happiness and the defendant Cosmotrade entered into a contract of charter party dated April 12, 2007 for the vessel M/V ALEXIA M. Disputes have arisen relating to the performance of that contract, which claims are being arbitrated in London.

    Earlier this year, the plaintiff filed the subject action in the Southern District of New York, primarily for the purpose of obtaining security in connection with the claims that it has lodged in the London arbitration. An order of attachment was issued by this Court, and it was subsequently served on various garnishee banks. Funds have been restrained which, combined with other security provided by the defendant in the form of

December 6, 2007
Page 2 of 5

an escrow deposit in the London arbitration, have resulted in the plaintiff Double Happiness obtaining full security for its claim, plus security for a potential recovery of interest, attorneys fees and London arbitrators fees.[1]

For its part, Cosmotrade has a counterclaim against Double Happiness arising out of the same contract, which is similarly being asserted in the London arbitration. For the Court's guidance, the parties have already exchanged their main points of claim and points of reply, and thus the nature and background to Cosmotrade's counterclaim is fully known to the plaintiff. It involves claims in damages, alternatively off-hires, due to misdescription and/or deficiency of the vessel's cranes, additional cost of bunkers, offhires and bunkers consumed during unauthorized deviation by the vessel, and claims for damages, alternatively off-hire for stoppages during the voyage, etc. In fact, it is the defendant Cosmotrade who has the larger claim – its losses against the plaintiff Double Happiness totaling $553,748.30.[2] Based upon the foregoing, and with an allowance for the potential recovery of interests, costs, and anticipated arbitrators' fees (calculated in the same manner as calculated by Double Happiness in the application previously granted by the Court), Cosmotrade's total counterclaim (and instant application for counter security) totals $433,093.00, calculated as follows:

| | |
|---|---|
| 252,495.00 | Principal Claim (i.e. 553,748.30 less amount already in escrow of 301,285) |
| 60,598.00 | (Interest on principal sum)[3] |
| 40,000.00 | (Anticipated arbitrators' fees, same figure used by Double Happiness in its application) |
| 80,000.00 | (Anticipated counsel fees, $65,000 less than estimate used by Double Happiness) |
| $433,093.00 | Total Amount of Counter-security |

---

[1]   In the pending London arbitration, the charterer Cosmotrade had deposited into escrow the total sum of $301,285 which was factored into the plaintiff's application for security that same deposit is calculated in the charterer's application for counter-security discussed more fully below because to the extent the charterer prevails on its counterclaim, that security will be returned.

[2]   In the London submissions, the charterer Cosmotrade has set forth two damage calculations, one based upon its final hire statement reflecting $446,950.05 in damages, or alternatively, damage calculation based upon under Clause 101 of the contract which would entitle it to additional offhire periods resulting in damages of $553,748.30. The application for counter-security seeks the greater amount.

[3]   In the plaintiff's submission to the court, its interest calculation amounted to a 40% add-on to the principal unsecured sum which was extraordinarily high and excessive. Cosmotrade's interest calculation only amounts to 23% representing 8% calculated on a total period of three years.

NYDOCS1/294761.1

FREEHILL, HOGAN & MAHAR LLP

**Grounds for Issuance of an Order Directing the Posting of Counter-security**

Insofar as the grounds for an order directing the issuance of counter security are concerned, the Supplemental Rules make clear that counter security should be granted wherever the plaintiff itself has obtained security. *See, generally*, Supplemental Rules E(2)(b) and E(7)(a). While Admiralty Rule B, under which Plaintiff Double Happiness proceeded against Cosmotrade does not require the posting of counter-security in order to obtain an order of attachment in the first instance, Admiralty Rule E(7)(a) provides that such counter-security **must be given** if the Defendant asserts a counterclaim. The relevant rule provides as follows:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

Here, Plaintiff has obtained security from defendant Cosmotrade in the full amount of its claim, plus an exceedingly high sum for interest, as well as arbitrators' fees and counsel fees. Cosmotrade has asserted counterclaims which stem from the same charter party relationship and both claims are being adjudicated in the same London arbitral proceedings. It is axiomatic that claims and counter-claims between vessel owners and charterers arising out of a vessel charter are considered "arising out of the same transaction" for purposes of Supplemental Rule E(7). *See*, Verton Navigation, Inc. v. Caribica Shipping Ltd., No. 90 Civ. 6940; 1991 U.S. Dist. LEXIS 6722 (S.D.N.Y. May 1, 1991); Transportes Caribe, S.A. v. M/V Feder, 860 F.2d 637 (5th Cir. 1988). According to the plain wording of Admiralty Rule E(7)(a) and E(2)(b), therefore, Double Happiness is now required to provide counter-security in favor of Cosmotrade in the full amount of Cosmotrade's counterclaim of $433,093.00.

It is well-established that the purpose of Admiralty Rule E(7)(a) security is to place the parties "on an equality" as concerns security. *See*, Titan Nav., Inc. v. Timsco, Inc., 808 F.2d 400, 403 (5th Cir. 1987). Defendant Cosmotrade submits that since the plaintiff is fully (100%) secured for its claims, the only way for this Court to maintain the equality is to require that same party to post counter-security in full in favor of the defendant Cosmotrade. *See also*, Result Shipping Co. Ltd. v. Ferruzzi Trading USA, Inc., 56 F.3d 394 (2d Cir. 1995); Dongbu Express Co. Ltd. v. Navios Corporation, 944 F. Supp. 235 (S.D.N.Y. 1996); Verton, *supra*; Titan, *supra*; Expert Diesel, Inc. v. Yacht Fishin Fool, 627 F. Supp. 432 (S.D. Fla. 1986); Eastern Transp. Co. v. U.S., 98 F. Supp. 36 (S.D.N.Y. 1951).

NYDOCS1/294761.1

FREEHILL, HOGAN & MAHAR LLP

The fact that Cosmotrade's total counter-claim exceeds the total sum restrained by Double Happiness for its claims is irrelevant. In <u>Dongbu Express Co., Ltd. v. Navios Corp.</u>, 944 F. Supp. 235 (S.D.N.Y. 1996), a case involving a claim for early termination of a charter party, the Court weighed the countervailing principles and found that the defendant was entitled to counter-security in the full amount of its claim,[4] despite the fact that the counterclaim sought more in damages than the allowable portion of the plaintiff's claim (following a reduction in the plaintiff's claim under Rule E(6)). It has never been held that "good reason" exists not to require full counter-security when the plaintiff is requested to provide more in counter-security than the plaintiff itself has obtained in security. Indeed, such a rule (which does not exist) would only encourage a race to the courthouse by the party with the smaller claim who would attempt to initiate suit first so as to be able to prevent a party with a large claim from obtaining full security.

Professor Moore, in <u>Moore's Federal Practice</u>, cautions against this very scenario.

> A holding [precluding imposition of a larger bond on the counterclaim than that which was required of the original defendant]…would serve only to encourage sham suits and races to the courthouse. Suppose, by way of illustration that two vessels collide and one suffers only minor damage and the other sustains very severe damage. If the owner of the slightly damaged vessel commences an action *in rem* against the severely damaged vessel a relatively small bond will be required by the owner of the severely damaged vessel. If the owner of the latter vessel is compelled to assert his much larger claim in the same action, it might be grossly unfair to limit the security for his claim to the amount of the bond he had to provide, since had he first commenced his action he could have compelled the imposition of a bond large enough to compensate for the severe damages he alleges. In such a case, it might well be "just and reasonable" and more in keeping with the purposes of the rule providing for security on counterclaims to require that the original plaintiff post a larger bond to protect against the counterclaim than the original defendant had to post to protect against the original action. If courts are not alert to such facts, it might encourage the filing of sham suits by parties who know they are potential targets for large *in rem* actions. Similarly, a flat rule providing that security on counterclaims cannot exceed the amount of the original defendant's bond would encourage races to the courthouse by the least injured of the parties sustaining damages in a maritime occurrence.

---

[4] The amount sought was partially off-set by security already obtained in a separate proceeding.

NYDOCS1/294761.1

FREEHILL, HOGAN & MAHAR LLP

    7A Moore's Federal Practice §E.15 at E-737 (2d Ed. 1988).[5]

    In sum, the purpose behind an award of counter-security under Rule E(7)(a) is to place both sides on equal footing, and there would be no justification for one party to gain an unfair advantage over the other merely by being the first to file suit. Accordingly, since Plaintiff Double Happiness is fully secured for its claims against Cosmotrade, Double Happiness should be required under Rule E(7)(a) to post counter-security in favor of Defendant Cosmotrade to fully secure Cosmotrade's counterclaim.

    Finally, in the event Double Happiness fails to post counter-security, its security should be vacated and it should be precluded from prosecuting its action on the merits. In this respect, Rule E (7)(a) makes plain that where a counterclaim is presented and a request for counter-security has been made, "[p]roceedings on the original claim **must** be stayed until [counter-security] is given unless the court directs otherwise" (emphasis supplied). Similarly, where a plaintiff refuses to comply with an order directing the posting of counter-security, the security originally posted should be released. *See*, Verton, *supra*; and Seaboard & Caribbean Trnasport Corp. v. Hafen-Dampfscvhiffahrt .G. Hapag-Hadac Seebaderdienst, 329 F.2d 538 (5th Cir. 1964).

    It goes without saying that should plaintiff be willing to post the counter-security (as it is obliged to) without the need for entry of a formal order, that would obviate the need for any formal intervention by the Court, and by copy to counsel for plaintiff, we call upon them to confirm that their client will take appropriate steps to post counter-security in a form suitable to Cosmotrade in the sum requested. For scheduling purposes, we would propose that counsel for Double Happiness revert within ten days so that all concerned will know whether formal intervention by the Court is required and if so, we would ask that the Court restore the case to the active calendar for the purposes of entry of an order directing the posting of counter-security in the sum requested by a date certain, failing which all security obtained by the plaintiff shall be released.

    We thank the Court for its attention to the foregoing.

*[Handwritten annotation: Counsel for the parties shall communicate with each other promptly concerning their respective positions on the foregoing issue (see Rule 2B of the Individual Practices Rules of the undersigned). Counsel for Cosmotrade shall, by December 20, 2007, inform the Court in writing as to whether motion practice will be necessary.]*

Respectfully submitted,
FREEHILL HOGAN & MAHAR, LLP

Peter J. Gutowski

SO ORDERED.

*[signature]* 12/7/2007
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

cc: Blank Rome LLP
    Attn: Thomas H. Belknap, Jr., Esq.
    Via Email: tbelknap@BlankRome.com

---

[5] *See also*, Spriggs v. Hoffstot, 240 F.2d 76 (4th Cir. 1957) where the Court held that counter-security need not be limited to the amount of security obtained on the plaintiff's claim, and Verton, *supra*.

NYDOCS1/294761.1

           FREEHILL, HOGAN & MAHAR LLP