584-07/PJG/LJK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
DOUBLE HAPPINESS SHIPPING
COMPANY LIMITED,

                                **07 CV 4615 (LTS)**

                    Plaintiff,

       -against-

COSMOTRADE EXPORTS S.A.,

                    Defendant.
-----------------------------------------------------x

# DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR COUNTER-SECURITY

                    FREEHILL HOGAN & MAHAR, LLP
                    Attorneys for Defendant
                    Cosmotrade Exports S.A.
                    80 Pine Street
                    New York, NY  10005
                    (212) 425-1900
                    (212) 425-1901 fax

Of Counsel
Peter J. Gutowski (PG 2200)
Lawrence J. Kahn (LK 5215)

NYDOCS1/297375.1

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT .................................................................................. 1

BACKGROUND FACTS ......................................................................................... 1

ARGUMENT

POINT I

RULE E REQUIRES DOUBLE HAPPINESS TO PROVIDE
COUNTER-SECURITY FOR COSMOTRADE'S COUNTERCLAIMS. ................................ 3

POINT II

PROCEEDINGS ON DOUBLE HAPPINESS'S ORIGINAL CLAIM
MUST BE STAYED PENDING THE POSTING OF COUNTER-
SECURITY. ....................................................................................................... 8

CONCLUSION .................................................................................................. 10

## PRELIMINARY STATEMENT

This memorandum is submitted on behalf of Defendant COSMOTRADE EXPORTS S.A. ("COSMOTRADE"), in support of its motion for counter-security pursuant to Rules E(7)(a) and E(2)(b).

## BACKGROUND FACTS

The facts relevant to this motion and simple and not in dispute. Plaintiff DOUBLE HAPPINESS SHIPPING COMPANY LIMITED ("DOUBLE HAPPINESS") and Defendant COSMOTRADE entered into a maritime contract of charter party dated April 12, 2007 for the M/V ALEXIA M. Disputes arose between the parties relating to the performance of that contract, which claims are being arbitrated in London pursuant to the arbitration agreement in the charter.

DOUBLE HAPPINESS filed the subject action primarily for the purpose of obtaining security in connection with the claims it has lodged in the London arbitration. An order of attachment was issued pursuant to Rule B, which was subsequently served on various garnishee banks. Funds have been restrained which, combined with other security provided by COSMOTRADE in the form of an escrow deposit, have resulted in Plaintiff DOUBLE HAPPINESS obtaining full security for its claims, plus further security for a potential recovery of interest, costs, and arbitrators fees.

For its part, Defendant COSMOTRADE has a counterclaim against DOUBLE HAPPINESS arising out of the same contract, which is similarly being asserted in the same London arbitration proceeding between the parties. Indeed, COSMOTRANS claims are larger.

In the London proceedings, the parties have already exchanged their main points of claim and points of reply, so the nature of Defendant COSMOTRADE's counterclaim is fully known to Plaintiff. It involves claims in damages for periods of off-hire due to the mis-description and/or deficiency of the vessel's cranes, additional cost of bunkers, offhire and bunkers consumed during unauthorized deviation by the vessel, and claims for damages, and, alternatively off-hire for stoppages during the voyage and other matters. COSMOTRADE's total counterclaim amounts to $553,748.30,[1] and, as noted above, is larger in terms of quantum than DOUBLE HAPPINESS's. Based upon the foregoing, and with an allowance for recovery of interest, costs and anticipated arbitrators' fees (which were all previously granted by the Court in favor of DOUBLE HAPPINESS in connection with its Rule B application), COSMOTRADE's total counterclaim for which it seeks counter-security is $433,062.10, calculated as follows:

| Amount | Description |
|---|---|
| $252,463.30 | Principal Claim of $553,748.30 less amount already in escrow of $301,285 |
| $60,598.80 | Interest on the principal claim (less the escrow, which is earning interest), calculated at 8% (the commercial rate anticipated to be awarded) over a period of three years (the time generally required to complete London arbitral proceedings and obtain entry of judgment thereon)[2] |

---

[1] In the London submissions, COSMOTRADE has set forth two damage calculations, one based upon its final hire statement reflecting $446,950.05 in damages, and another based upon clause 101 of the charter contract which would entitle it to additional offhire periods resulting in damages of $553,748.30. This application for counter-security seeks the greater amount so that COSMOTRADE will not be left undersecured.

[2] Plaintiff's interest calculation amounted to a 40% add-on to the principal unsecured sum which, it is submitted, is extraordinarily high and excessive. COSMOTRADE reserves its right to seek a reduction in the quantum of security obtained by DOUBLE HAPPINESS for such interest.

| $40,000.00 | Anticipated arbitrators' fees, the same figure used by DOUBLE HAPPINESS in its application |
|---|---|
| $80,000.00 | Anticipated recoverable costs of the arbitration under English law, which allows for recovery of reasonable attorneys fees[3] |
| **$433,062.10** | **(Total)** |

At the initiation of this application, and with the Court's approval, COSMOTRANS requested that DOUBLE HAPPINESS provide counter-security on a voluntary basis, this obviating the need for Court intervention. DOUBLE HAPPINESS has refused, despite the fact that is now fully secured. This refusal is wrongful and forms the basis for COSMOTRADE's present application to the Court for counter-security.

For the reasons set forth below, the Court should order DOUBLE HAPPINESS to fully secure COSMOTRADE's counterclaims and should stay DOUBLE HAPPINESS from pursuing its main claim in the London arbitral proceedings until full counter-security is provided.

## ARGUMENT

### Point I

### RULE E REQUIRES DOUBLE HAPPINESS TO PROVIDE COUNTER-SECURITY FOR COSMOTRADE'S COUNTERCLAIMS

Admiralty Rule B, under which Plaintiff DOUBLE HAPPINESS proceeded against COSMOTRADE, does not require the posting of counter-security in order to obtain an order of attachment in the first instance, but Admiralty Rule E(7)(a) provides that such counter-security **must be given** if the Defendant asserts a counterclaim. Admiralty Rule E(7)(a) provides as follows:

---

[3] Plaintiff's request for security for a potential award of costs is some $65,000 higher, which, it is submitted, is also extraordinarily high and excessive. COSMOTRADE reserves its right to seek a reduction in the quantum of security obtained by DOUBLE HAPPINESS for such costs.

> When a person who has given security for damages in the
> original action asserts a counterclaim that arises from the
> transaction or occurrence that is the subject of the original
> action, a plaintiff for whose benefit the security has been
> given must give security for damages demanded in the
> counterclaim unless the court for cause shown, directs
> otherwise.    Proceedings on the original claim must be
> stayed until this security is given unless the court directs
> otherwise.

Admiralty Rule E contains two separate provisions for the posting of counter-security. Admiralty Rule E(2) concerns counter-security for "costs" and Admiralty Rule E(7) concerns counter-security for counterclaims.  Outside of their scope, the provisions are worded differently, with Admiralty Rule E(2) directing that the Court "may" require the posting of counter-security while Admiralty Rule E(7) discusses the posting of counter-security in terms of "must".  While there can be no doubt that under both provisions the Court may exercise its discretion, the different wording of the two provisions has been held to evince a stronger requirement that the Court compel the posting of counter-security for counterclaims. *See generally* <u>Result Shipping v. Ferruzzi Trading USA</u>, 56 F.3d 394, 399-401 (2d Cir. 1995).

Here, Plaintiff DOUBLE HAPPINESS has obtained security from COSMOTRADE in the full amount of its claim.  COSMOTRADE has now asserted counterclaims in this action which stem from the charter party relationship between DOUBLE HAPPINESS and COSMOTRADE that is the focus of the underlying action and the London arbitral proceedings.  According to the plain wording of Admiralty Rule E(7)(a), DOUBLE HAPPINESS should now be required to provide counter-security in favor of COSMOTRADE in the full amount of COSMOTRADE's counterclaim of $433,062.10.

It is well-established that the purpose of Admiralty Rule E(7)(a) security is to place the parties "on an equality" as concerns security. *See, e.g.,* Titan Nav., Inc. v. Timsco, Inc., 808 F.2d 400, 403 (5th Cir. 1987). Defendant COSMOTRADE respectfully submits that since DOUBLE HAPPINESS is fully (100%) secured for its claims, the only way for this Court to maintain the equality is to require DOUBLE HAPPINESS to post counter-security in full in favor of Defendant COSMOTRADE. In a very recent (unpublished) decision from the bench on this very same issue in C Transport Panamax Ltd. v. Pacific Ocean Resources Ltd., 06 CIV 11413 (RJH),[4] Judge Holwell expressly agreed. A copy of the C Transport transcript is presently being obtained. *See also* Spriggs v. Hoffstot, 240 F.2d 76 (4th Cir. 1957) (holding that counter-security need not be limited to the amount of security obtained on the plaintiff's claim), and Verton Navigation Inc. v. Caribica Shipping Ltd., 1991 U.S. Dist. LEXIS 6722 (S.D.N.Y. May 1, 1991) (same).

The duty of the Court to require counter-security is only overcome if the cost of providing counter-security is so burdensome that it might prevent the plaintiff from bringing suit. Titan, 808 F.2d at 403-405. The Court is obligated to balance these principles by weighing "the importance of the security interest giving rise to the initial seizure, and the burden of posting countersecurity, against the potential injustice of requiring the defendant-counterclaimant to post security without affording reciprocal protection." Id., 808 F.2d at 404.

The Titan Court held that the extent of the Court's discretion, "although broad, is significantly cabined". Id., 808 F.2d at 403. Reviewing the cases in which counter-security was denied, the Titan Court found that the balance tips in favor of denying

---

[4] Involving the same law firms representing clients in the exact same positions as in the instant matter.

counter-security *only* when the plaintiff is financially unable to post counter-security (and not always, even under such circumstances), or provides some other good reason. Id., 808 F.2d at 403.

Insofar as financial inability to post counter-security is concerned, the cases in which courts have found such financial inability to exist are generally those in which individuals (usually seamen) are unable to post large bonds to counter-secure corporations' counterclaims,[5] or involve plaintiff corporations that are demonstrably insolvent.[6] Financial difficulties, however, do not automatically excuse the counter-security requirement. Seaboard & Caribbean Transp. Corp. v. Hafen-Dampfshiffahrt, 329 F.2d 538 (5th Cir. 1964).[7]

The fact that COSMOTRADE's counterclaims exceed in value the amount of DOUBLE HAPPINESS's claim (or the quantum attached in New York) is entirely irrelevant. In Dongbu Express Co., Ltd. v. Navios Corp., 944 F. Supp. 235 (S.D.N.Y. 1996), in a case where the main claim by the plaintiff was for the early termination of a charter party contract, the Court weighed the countervailing principles and found that the defendant was entitled to counter-security in the full amount of its claim,[8] despite the fact that the counterclaim sought more in damages than the allowable portion of the plaintiff's

---

[5] See, e.g., Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629 (1924); Zubrod v. Associated Metals & Minerals Trade Co., 243 F.Supp. 340 (E.D.PA. 1965); Cudworth v. The ST. CUTHBERT, 146 F.Supp. 857 (E.D.VA. 1957).

[6] See, e.g., The BEAUMONT, 8 F.2d 599 (4th Cir. 1925); Spriggs v. Hoffstot, 240 F.2d 76 (4th Cir. 1957); Whitney-Fidalgo Seafoods v. MISS TAMMY, 542 F.Supp. 1302 (W.D.WA 1982).

[7] To the extent that DOUBLE HAPPINESS may now claim financial inability to post counter-security in the amount requested, Defendant COSMOTRADE hereby respectfully requests an opportunity to take discovery of DOUBLE HAPPINESS's finances pursuant to Maryland Tuna Corp. v. MS BENARES, 429 F.2d 307 (2d Cir. 1970) and Rolls Royce Ind. Power (India) v. M.V. FRATZIS M, 1996 A.M.C. 390 (S.D.N.Y. 1995) (Haight, J.).

[8] The amount sought was partially off-set by security already obtained in a separate proceeding.

claim (following a reduction in the plaintiff's claim under Rule E(6)). In the recent decision by Judge Holwell in C Transport noted above, Judge Holwell directed the plaintiff (who had obtained an attachment for approximately $100,000 and was 100% secured) to post counter-security to the defendant in full for the majority of its counterclaim, which exceeded $2 million (a portion of the defendant's counterclaim was disallowed countersecurity by the C Transport Court on the basis that it was not recoverable).

It has never been held that "good reason" exists not to require full counter-security when the plaintiff is requested to provide more in counter-security than the plaintiff itself has obtained in security. Indeed, such a rule (which does not exist) would only encourage a race to the courthouse by the party with the smaller claim who would attempt to initiate suit first so as to be able to prevent a party with a large claim from obtaining full security.

Professor Moore, in Moore's Federal Practice, cautions against this very scenario.

> A holding [precluding imposition of a larger bond on the counterclaim than that which was required of the original defendant]…would serve only to encourage sham suits and races to the courthouse. Suppose, by way of illustration that two vessels collide and one suffers only minor damage and the other sustains very severe damage. If the owner of the slightly damaged vessel commences an action *in rem* against the severely damaged vessel a relatively small bond will be required by the owner of the severely damaged vessel. If the owner of the latter vessel is compelled to assert his much larger claim in the same action, it might be grossly unfair to limit the security for his claim to the amount of the bond he had to provide, since had he first commenced his action he could have compelled the imposition of a bond large enough to compensate for the severe damages he alleges. In such a case, it might well be "just and reasonable" and more in keeping with the purposes of the rule providing for security on counterclaims

> to require that the original plaintiff post a larger bond to
> protect against the counterclaim than the original defendant
> had to post to protect against the original action. If courts
> are not alert to such facts, it might encourage the filing of
> sham suits by parties who know they are potential targets
> for large *in rem* actions. Similarly, a flat rule providing
> that security on counterclaims cannot exceed the amount of
> the original defendant's bond would encourage races to the
> courthouse by the least injured of the parties sustaining
> damages in a maritime occurrence.

7A <u>Moore's Federal Practice</u> §E.15 at E-737 (2d Ed. 1988). The underlying current behind the award of Rule E(7)(a) counter-security is the ideal of placing both sides to a suit on equal footing as regards security so that one party cannot gain an unfair advantage over the other merely by being the first to file suit.

Accordingly, since Plaintiff DOUBLE HAPPINESS is fully secured for its claims against COSMOTRADE, DOUBLE HAPPINESS should be required under Rule E(7)(a) to post counter-security in favor of Defendant COSMOTRADE in an amount sufficient to fully secure COSMOTRADE's counterclaims. Anything less would not keep the parties "on an equality".

### Point II

### PROCEEDINGS ON DOUBLE HAPPINESS'S ORIGINAL CLAIM
### <u>MUST BE STAYED PENDING THE POSTING OF COUNTER-SECURITY</u>

DOUBLE HAPPINESS should be stayed from pursuing the merits of its original claim (*i.e.*, the claim for the approx. $101,000 which is fully secured by COSMOTRADE) until COSMOTRADE's counterclaims and costs are fully secured. Rule E(7)(a)'s plain language, as set forth above, requires that "[p]roceedings on the original claim **must** be stayed until [counter-security] is given unless the court directs otherwise" (emphasis supplied).

In the matter presently before the Court, the merits of the dispute between DOUBLE HAPPINESS and COSMOTRADE were never intended to be pursued before this Court, so if DOUBLE HAPPINESS refuses or fails to comply with an Order directing it to post counter-security, staying proceedings only in the Southern District of New York would not punish DOUBLE HAPPINESS for such contempt – rather, it would only serve to continue to deprive COSMOTRADE of its counter-security without any penalty to DOUBLE HAPPINESS.

Rule E(7)(a) specifically provides that "proceedings over the original claim" are to be stayed if ordered counter-security is not given. The Rule contains no geographical limits as to where the proceedings would otherwise be going forward, even though it was clear to the drafters that the attachment and arrest rules might well be expected to relate to proceedings in which the merits would be decided in a forum other than the one in which security was obtained under the admiralty rules. *See* Advisory Committee Notes. Accordingly, this Court has the authority to order that a party subject to its *in personam* jurisdiction (such as Plaintiff DOUBLE HAPPINESS, which appeared voluntarily before this Court to obtain security from COSMOTRADE) not proceed with its original claim, regardless of where in the world such claim was proceeding on the merits. Such was the holding of the Court in <u>Daeshin Shipping Co. Ltd. v. Meridian Bulk Carriers, Ltd.</u>, 2005 U.S. Dist. LEXIS 22409, *11 (S.D.N.Y. Oct. 3, 2005) (Buchwald, J.), in which the Court stayed the plaintiff from proceeding on its original claim in London arbitration pending the posting of counter-security by the plaintiff.

COSMOTRADE respectfully submits that an order compelling DOUBLE HAPPINESS to post counter-security cannot be effectively enforced unless such order is

accompanied by the stay required by Rule E(7)(a) prohibiting DOUBLE HAPPINESS from proceeding on the merits of its claim.

## **CONCLUSION**

For all the foregoing reasons, the Court should order DOUBLE HAPPINESS to fully secure COSMOTRADE's counterclaims in the amount of $433,062.10 and should stay DOUBLE HAPPINESS from pursuing its main claim in the London arbitral proceedings until full counter-security is provided.

Dated: New York, New York
      January 18, 2008

Respectfully submitted,

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
Cosmotrade Exports S.A.

By: _____
Peter J. Gutowski (PG 2200)
Lawrence J. Kahn (LK 5215)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax